```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                      :   Case No. 10-11809 (REG)
                                           :   Chapter 7
PEDRO LIMA,                                :
                                           :
            Debtor.                        :
------------------------------------------------------------x
                                           :
In re                                      :   Adversary Proceeding No. 10-04221-reg
                                           :
PEDRO LIMA,                                :   **ANSWER**
                                           :
            Debtor.                        :
------------------------------------------------------------x
```

Tanya P. Dwyer, Esq., attorney for Debtor-Defendant, Pedro Lima, answers the Complaint as follows:

1. With respect to paragraph 82 of the Complaint, Defendant denies that he knowingly failed to list material items in his bankruptcy Schedules, Means Test Form or Statement of Financial Affairs ("SOFA") within the meaning of 11 U.S.C. § 727(a)(4).

2. With respect to paragraph 82 of the Complaint, Defendant denies that he recklessly disregarded his duty to disclose truthfully all the material information required to be disclosed on his Schedules or SOFA within the meaning of 11 U.S.C. § 727(a)(4).

3. With respect to paragraph 83 of the Complaint, Defendant denies that he knowingly failed to list material items in his bankruptcy Schedules, Means Test Form or SOFA within the meaning of 11 U.S.C. § 727(a)(4).

4. With respect to paragraph 83 of the Complaint, Defendant denies that he recklessly disregarded his duty to disclose truthfully all the material information required to be disclosed on his Schedules or SOFA within the meaning of 11 U.S.C. § 727(a)(4).

5. With respect to paragraph 84 of the Complaint, Defendant denies that he knowingly failed to list material items in his bankruptcy Schedules, Means Test Form, or SOFA within the meaning of 11 U.S.C. § 727(a)(4).

6. With respect to paragraph 84 of the Complaint, Defendant denies that he recklessly disregarded his duty to disclose truthfully all the material information required to be disclosed on his Schedules and SOFA within the meaning of 11 U.S.C. § 727(a)(4).

7. With respect to paragraph 87, Defendant denies that a denial is warranted under 11 U.S.C. § 727(a)(4).

8. With respect to paragraph 99, Defendant denies that he failed to adequately explain why he and Peter Biertzer lack sufficient income and assets to repay debts he incurred on Biertzer's behalf. Defendant stated at his August 27, 2010 2004 Rule 2004 Examination (Rule 2004 Examination) that his income is variable, based on enrollment and is not guaranteed. *See* Transcript of Rule 2004 Examination, Exhibit A at 8-9. Defendant has experienced a reduction in income due to lowered enrollment at his university. Furthermore, all charges made on Biertzer's behalf have been paid as reflected in the evidence on which Plaintiff relies. *See* Debtor's Credit Card Statements, Exhibit B.

9. With respect to paragraph 100, Defendant denies that he failed to adequately explain why he and Biertzer lack sufficient income and assets to repay debts Biertzer incurred on the Debtor's credit cards. Defendant stated at his August 27, 2010 2004 Rule 2004 Examination (Rule 2004 Examination) that his income is variable, based on enrollment and is not guaranteed. *See* Ex. A at 8-9. Defendant has experienced a reduction in income due to lowered enrollment at his university. Furthermore, all charges that Biertzer made on Debtor's credit cards have been paid as reflected in the evidence on which

Plaintiff relies. *See* Ex. B. Biertzer and Defendant had an arrangement whereby Defendant invested in Biertzer's online business and Defendant allowed Biertzer to make purchases on his credit cards. Again, Biertzer paid these few purchases back.

10. With respect to paragraph 101, Defendant denies that he has filed to explain satisfactorily the deficiency in his income such that a denial of his discharge is warranted under 11 U.S.C. § 727(a)(5).

11. With respect to paragraph 103, Defendant denies that his failure to explain satisfactorily his inability to collect receivables from his former failing businesses warrants a denial of his discharge pursuant to 11 U.S.C. § 727(a)(5).

**AS AND FOR THE FIRST DEFENSE**

**Defendant did not make a statement in his bankruptcy petition knowingly, fraudulently or with a reckless disregard under § 727(a)(4) as interpreted by the Second Circuit because he did not make any statements with the intent to deceive.**

12. Any failure of Defendant to make statements or disclose in his bankruptcy petition is a result of ignorance and carelessness and does not warrant the harsh penalty of a denial of his discharge. Further, he did not recklessly disregard his duty to disclose truthfully all the material information required to be disclosed. In fact, at his Rule 2004 Examination, Defendant candidly and to the best of his knowledge of divulged all information about his financial and business affairs. A denial of discharge pursuant to § 727 is an extreme remedy that "must be construed strictly against those who object to the debtor's discharge and liberally in favor of the bankrupt." *In re Cacioli*, 463 F.3d 229, 234 (2d Cir. 2006) (citing *State Bank of India v. Chalasani (In re Chalasani)*, 92 F.3d

1300, 1310 (2d Cir. 1996). The burden of persuasion rests with the objecting party to show by a preponderance of the evidence that the Debtor is not entitled to discharge. *In re Zembko*, 367 B.R. 253, 254 (Bankr. D. Conn. 2007); *In re Jacobowitz*, 296 B.R. 666 (Bankr. S.D.N.Y. 2003); *In re Wolfson*, 152 B.R. 830 (Bankr. S.D.N.Y. 1993). Once the moving party meets its initial burden to produce evidence of a false statement, the burden of production shifts to the debtor to produce a "credible explanation." *Casa Invs. Co. v. Brenes (In re Brenes),* 261 B.R. 322, 334 (Bankr.D.Conn.2001). However, the overall burden of proof remains with the moving party. *See., e.g., BTE Concrete Formwork, LLC v. Arbaney* (*In re Arbaney*)*,* 345 B.R. 293, 301 (Bankr.D.Colo.2006).

13. The party objecting to discharge under § 727(a)(4)(A) must establish by a preponderance of the evidence that: "(1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew that the statement was false; (4) the debtor made the statement with intent to deceive; and (5) the statement related materially to the bankruptcy case." D*ubrowsky v. Estate of Perl-binder* (*In re Dubrowsky*), 244 B.R. 560, 572 (E.D.N.Y.2000).

14. Intent under Section 727 can be found based on a reckless disregard, but will not be found in cases of ignorance or carelessness. 6 Colliers on Bankruptcy at ¶ 727.06-07.

15. The debtor must provide evidence that proves an intentional misrepresentation was not made or provide some other credible explanations. *Baron v. Klutchko (In re Klutchko)*, 338 B.R. 554, 567 (Bankr. S.D.N.Y. 2005) However, the overall burden of proof remains with the moving party. *See, e.g., BTE Concrete Formwork, LLC v. Arbaney* (*In re Arbaney*), 345 B.R. 293, 301 (Bankr.D.Colo.2006).

16. In this case, Defendant's nondisclosures do not amount to a reckless disregard or

intent to defraud because he misunderstood the questions on his petition and the queries posed to him at his Rule 2004 Examination.

17. Specifically, Defendant did not list WOW Design Properties, Inc. ("WOW") because (1) since he owned such a small percentage (5%) in his parent's failing Wisconsin business, he hadn't owned it since 2008 and he did not remember that he owned an interest in WOW since he never made any money from the business and (2) since he only owned a 5% interest in this business and misunderstood "ownership interest" to mean a significant ownership interest from which he obtain pecuniary benefit. Defendant does not receive any benefit from his minor ownership interest in WOW and did not think of it when completing his petition. As the business was listed on his 2009 tax returns and he knew that he would have to remit a copy of his most recent return to the U.S. Trustee's office for review, his failure to list his interest in his parent's business was a careless but honest mistake.

18. Defendant served as a volunteer when he was president-elect of the American Society of Interior Designers-New York Metro Chapter ("ASID") and misunderstood the language of the petition to mean a paid position. Defendant did not receive income or any other monetary gain from his position with ASID. He was only made whole by ASID in the form of reimbursements for items and events that he paid with his own money. The expenses that were reimbursed by ASID are not listed in Schedule J or anywhere in his petition.

19. Defendant's failure to list accounts receivables in his petition reflect his understanding of filing a personal bankruptcy versus filing for bankruptcy relief for his business. The accounts at issue are monies actually due to a contractor although they are

payable to his business. Defendant actually lost approximately $10,000.00 from working with that particular account and knew that pursuit of any outstanding accounts receivable would be futile and costly. As an individual Debtor and not a "business debtor", Defendant did not consider himself as having accounts receivable and as such wrote them off in his mind and did not think to list them. Any failure to list these statements is not due to the Defendant's intent to hide money from his creditors or the Trustee; he was forthcoming in disclosing the issue of accounts receivables at his rule 2004 Examination. Defendant had nothing to hide as he honestly believed that collection form these accounts receivables is virtually impossible and as such ignorantly and carelessly but not fraudulently failed to list them.

20. Defendant did not make any gifts in excess of $200 per individual during the year preceding the Filing Date. At his 2004 Rule Examination, he stated "Maybe" when questioned whether he made gifts in excess of $200 to any individual person. Since he could not think of any specific person to whom he gave a gift in excess of that amount, Defendant, in the interest of full disclosure, answered that he could have done so although it is unlikely. Thus, he did not inaccurately reflect the gifts he made in his petition.

21. Defendant made charitable contribution on behalf of ASID, which is why he was reimbursed for them. He understood the question in his petition and the question posed at his Rule 2004 Examination to mean whether he, as an individual, made charitable contributions in excess of $100 per organization during the year preceding the Filing Date. Since Defendant was not permanently divested of any of his personal money in the pursuit of charitable giving and it did not materially relate to his personal financial

affairs, he did not think to list the contribution on his petitions.

22. As reflected in the foregoing explanation of the Defendant's honest but careless mistakes in his petition and will amend to reflect the correct information. Defendant did not make any statement in his petition or at his Rule 2004 Examination fraudulently, knowingly, with a reckless disregard or with any intent to deceive his creditors, the Trustee or the Court.

**AS AND FOR THE SECOND DEFENSE**

**Defendant has not failed to explain satisfactorily any loss of assets or deficiency of assets to meet the debtor's liabilities because Defendant testified that his income is variable and thus cannot rely on a steady income stream to meet his liabilities.**

23. Denial of a discharge under § 727(a)(5) requires proof that "the debtor has failed to explain satisfactorily . . . any loss of assets or deficiency of assets to meet the debtor's liabilities." This provision is applicable to any unexplained disappearance or shortage of assets. *In re Gannon*, 173 B.R. 313 (Bankr. S.D.N.Y. 1994). A prima facie case under this section requires the plaintiff to produce evidence of the disappearance of substantial assets. *In re Cacioli*, 463 F.3d 229, 238 (2d Cir. 2006). Once this burden has been met, the Debtor must explain the whereabouts of the assets and as long as such explanation is convincing and not rebutted, no documentary corroboration is needed. *Id.*

24. In this case, Defendant advised Plaintiff that what his online employers pay him is a function of enrollment at his Rule 2004 Examination. While the optimistically projected earning more in 2011 than he did in 2010, this is unfortunately based on exactly that—optimism. To date, Defendant's employers have not had the level of enrollment

anticipated and Defendant has not been earning as much as he optimistically thought he would one year ago. In advising Plaintiff that his income is not dependable, in fact, his field of interior design is one of luxury in the current economy, Defendant satisfactorily explained why his assets are insufficient to satisfy his liabilities.

25. Plaintiff's reliance and inclusion of Peter Biertzer's income as a basis for denying Defendant a discharge is inappropriate. Most of the charges made by Biertzer and on Biertzer's behalf have been paid as reflected in the credit card statements that Defendant submitted to Plaintiff. *See* Ex. B. Furthermore, the unfortunate reality of many Chapter 7 debtors is that many make poor purchasing decisions in the years preceding filing. Defendant is no different. He should not be denied a "fresh start" for his poor financial management. Furthermore, Defendant's filing for bankruptcy relief is not intended to discharge Mr. Biertzer's debt. With respect to the cards that were used by Biertzer or on his behalf, the cardholder agreements in these cases would still leave Biertzer liable for the debts he accrued personally.

26. The court in *Gannon* characterized the burden of the Debtor's explanation as requiring the defendant to satisfy the court that his conduct was business like and in good faith with respect to the assets. *In re Gannon*, 173 B.R. at *317* (citing *In re Wolfson*, 139 B.R. 279, 288 (Bankr. S.D.N.Y. 1992)). In *First American Bank of New York v. Bodenstein (In re Bodenstein)*, 168 B.R. 23, 33 (Bankr.E.D.N.Y.1994), the court stated that for purposes of § 727(a)(5), a debtor's explanation of what happened to assets "does not require that the explanation itself be meritorious or that the loss or other disposition of assets be proper; it only requires that the explanation satisfactorily account of the disposition." The court describes "satisfactorily" as giving the court an

explanation that the court can believe. *Id.*

27. In this case with respect to the so-called "huge" library of business that included stone samples, fabrics and furniture binders, these items are essentially scraps of cloth and rocks for which there is no market. Defendant would not be able to sell these items for value to satisfy any of his liabilities because they were free samples and they have no resale value. His conduct was therefore commercially reasonable, business-like and in good faith.

**WHEREFORE**, in consideration of the foregoing, it is respectfully requested that this Court:

a. dismiss the instant adversarial complaint, as Defendant has not made any statement with an intent to deceive or defraud under the Second Circuit's interpretation of 11 U.S.C. § 727(a)(4);

b. dismiss the instant adversarial complaint, as Defendant has satisfactorily explained why there is a loss of assets or deficiency of assets to meet his liabilities as required under 11 U.S.C. § 727(a)(5); and

c. grants such other and further relief as this Court deems just and proper.

Dated: New York, New York

February 14, 2011

/s/ Tanya P. Dwyer
TANYA P. DWYER, ESQ.
Attorney for Defendant
11 Broadway, Suite 615
New York, NY 10004
(212) 203-4695